UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN BONETT,
individually and on behalf of all similarly
situated employees,

               Plaintiff,

-v-

SHAWMUT WOODWORKING & SUPPLY, INC.,
d/b/a Shawmut Design & Construction

               Defendant.

19-CV-1125-LJV-MJR
DECISION AND ORDER

---

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo for all pre-trial matters and to hear and report on dispositive motions. (Dkt. No. 4). Presently before the Court is plaintiff's motion for conditional certification of a Fair Labor Standards Act ["FLSA"], 29 U.S.C. §§ 201, *et seq.*, collective action. (Dkt. No. 22). For the following reasons, plaintiff's motion for conditional certification and court-authorized notice is denied without prejudice.[1]

## BACKGROUND

Plaintiff Kevin Bonett ("plaintiff") brings this action on behalf of himself and all other similarly situated individuals seeking relief for alleged willful violations of the FLSA overtime compensation requirements by defendant Shawmut Woodworking & Supply, Inc. ("defendant"). (Dkt. No. 1 (Complaint)).[2]

---

[1] A motion for conditional certification of an FLSA collective action is a non-dispositive motion. *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010).

[2] Plaintiff also seeks relief on behalf of himself and all other similarly situated individuals for defendant's alleged willful violations under the New York Minimum Wage Act, Labor Law § 650, *et seq.*, and the New York Wage Payment Act, Labor Law § 190, *et seq.* (collectively, the "NYLL"). (*See* Dkt. No. 1 (Complaint)).

Defendant is a nationwide construction management company that provides management and design services on behalf of various clients, including luxury home builders, sports venues, commercial offices, and academic facilities. (*Id.* at pg. 2). Defendant employs a variety of construction management professionals to assist its clients with developing their construction projects. (*Id.*). These employees hold the titles of Project Manager, Superintendent, and Estimator and have responsibility for all major project decisions and supervision of construction site operations. (*Id.*). To assist in building its professional workforce, defendant recruits recent, or soon-to-be, college graduates to join its Construction Management Skills Training ["CMST"] program and gain "on-the-job" training. (*Id.* at 3). The program lasts a period of thirty-six months; separated into three distinct twelve-month installments, in which each participant spends twelve months working as an Assistant Project Manager, Assistant Superintendent, and Assistant Estimator [collectively "Assistants"]. (*Id.*). During the program, the CMST participants shadow one of the construction management professionals in the area matching their assigned role, i.e. Assistant Project Managers shadow Project Managers. (*Id.*).

Plaintiff claims that regardless of the order in which a CMST participant is assigned to each Assistant position, defendant classifies first-year participants as non-exempt employees under the FLSA entitled to receive overtime wages and classifies second- and third-year participants as exempt employees not eligible to receive overtime wages. (*Id.*) Regardless of whether a CMST participant was eligible or not eligible to receive overtime wages, defendant alleges that the duties they perform are all the same. (*Id.*). Defendant alleges that Assistants provide routine office support and complete tasks assigned by

their construction management professional. (*Id.*). He state their responsibilities are non-managerial in nature, do not involve the use of discretion or independent judgment, and participants never have authority to act on their own. (*Id.*). Plaintiff asserts that he and other CMST participants regularly worked over forty hours per week, often fifty to sixty hours per week, and were not paid overtime compensation. (*Id.* at 4). Plaintiff also alleges that defendant did not allow its non-exempt CMST participants to record all their overtime hours. (*Id.*) The gravamen of plaintiff's FLSA claim is that defendant misclassified CMST participants as exempt employees in order to evade paying them overtime wages they are owed. (*Id.*).

Defendant disputes that plaintiff and other CMST participants are entitled to overtime compensation in their second and third years of the program, arguing that participants are properly classified as exempt from the overtime provisions of the FLSA based on their job duties and functions. (Dkt. No. 25-1, ¶¶ 8-15). Defendant contends that the non-exempt classification given to first-year CMST participants reflects that a significant portion of the first year in the CMST program is focused on "grounding participants in the construction industry," with less time spent on work that requires advanced knowledge and training or the exercise of independent judgment and discretion. (*Id.* at 10). Defendant states that as CMST participants progress through the program, they take on greater substantive job functions and perform tasks requiring more advanced knowledge, judgment, and discretion. (*Id.* at 11). Defendant asserts that participants in their second and third years of the program are properly classified as exempt employees under FLSA because they have increased responsibility, including financial and schedule management, direct client management, and subcontractor

management responsibilities, they receive less oversight, and their work involves a great deal of discretion and independent judgment. (Dkt. No. 25-2, ¶¶ 6-13).

Shortly after commencing this action, plaintiff filed the instant motion for conditional certification of an FLSA collective action, which, if granted, will allow him to obtain contact information regarding potential opt-in plaintiffs from defendants so that they may notify the potential opt-in plaintiffs of the pendency of this lawsuit and their opportunity to join in as represented plaintiffs. (Dkt. No. 22). Plaintiff's proposed opt-in class consists of "[a]ll Assistants who worked for Defendant at any period during their second and third rotation of the CMST program and were classified as exempt salaried employees not eligible for overtime pay in the last three (3) years from when the Complaint was filed." (Dkt. No. 22-1, pg. 12). Defendant opposes plaintiff's motion for conditional certification, but in the event conditional certification is granted, it asks the Court to make certain modifications to plaintiff's proposal regarding the content and manner of notice to the potential opt-in plaintiff class. (Dkt. No. 25). Plaintiff has filed an amended reply in further support of his motion.[3] (Dkt. No. 27).

## DISCUSSION

I. *Conditional Certification*

Under the FLSA, "no employer shall employ any of his employees [...] for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA creates a cause of action against employers who violate the overtime requirement, and

---

[3] Plaintiff's pending motion to amend his reply to defendant's response is hereby granted. (Dkt. No. 27).

affected employees may bring suit against an employer on behalf of "themselves and other employees similarly situated." *Id.* § 216(b). "Unlike a representative action under Rule 23 of the Federal Rules of Civil Procedure, where all persons in the defined class are bound by the case outcome unless they affirmatively 'opt out,' an employee does not become a party to an FLSA collective action unless he or she affirmatively 'opts in' by filing written consent with the court." *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 U.S. Dist. LEXIS 95729, at *11 (W.D.N.Y. Oct. 14, 2009).

The Court has the discretion to facilitate notice to potential plaintiffs of the pendency of an FLSA lawsuit and their opportunity to opt-in as represented plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). "This is often referred to as certification, although as the Second Circuit Court of Appeals observed in *Myers*, it is not 'certification' in the traditional class action sense and 'nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice […] has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action.'" *Acevedo v. WorkFit Med. LLC*, No. 14-CV-06221 EAW, 2014 U.S. Dist. LEXIS 131269, at *5 (W.D.N.Y. Sept. 16, 2014) (alteration in original) (quoting *Myers*, 624 F.3d at 555 n.10). Courts follow a two-step process to determine whether a lawsuit should proceed as an FLSA collective action:

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred. The court may send this notice after plaintiffs make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. . . At the second stage, the district court will, on a fuller record, determine whether a so-

> called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs. The action may be de-certified if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

*Myers*, 624 F.3d at 555 (internal quotation marks, citations, and alterations omitted). "The first of these steps is typically referred to as 'conditional certification.'" *Acevedo*, 2014 U.S. Dist. LEXIS 131269, at *6 (quoting *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012)). "Plaintiffs' burden on a conditional certification motion is 'minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one.'" *Id.* at *4 (quoting *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003)). "[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations[, and a]ccordingly, an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit." *Robbins v. Blazin Wings, Inc.*, No. 15-CV-6340 CJS, 2016 U.S. Dist. LEXIS 35446, at *19 (W.D.N.Y. Mar. 18, 2016) (second alteration in original) (quoting *Escobar v. Motorino E. Vill. Inc.*, No. 14 CIV. 6760(KPF), 2015 U.S. Dist. LEXIS 104348, at *2 (S.D.N.Y. Aug. 10, 2015)). Given this "fairly lenient" standard, conditional certification is "typically grant[ed]." *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345(NRB), 2013 U.S. Dist. LEXIS 135926, at *30 (S.D.N.Y. Sept. 20, 2013) (quoting *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09 Civ. 322(CM), 2009 U.S. Dist. LEXIS 51790, at *2 (S.D.N.Y. June 3, 2009)).

Here, it is clear that this case is in the initial step of the certification process which requires plaintiff only to make a modest factual showing that he and others were victims of a common policy or plan that violated the FLSA. In opposition to certification, defendant

argues, *inter alia*, that plaintiff has not shown that he is similarly situated to his proposed collective.

Although plaintiff's burden is not onerous, he must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. *Qing Gu v. T.C. Chikurin, Inc.*, CV-2013-2322, 2014 U.S. Dist. LEXIS 53813, at *9 (E.D.N.Y. Apr. 17, 2014); *see Myers*, 624 F.3d at 555 ("The "modest factual showing" cannot be satisfied simply by "unsupported assertions [...]"). Plaintiff has not done so here.

In support of this motion, plaintiff has submitted only his own sworn declaration. In it, he states that he and other employees in their second and third year of defendant's CMST program regularly worked more than forty hours per week for defendant without receiving overtime compensation. (Dkt. No. 22-3). Plaintiff states that during his first rotation in the program he was classified as a non-exempt employee who was paid an annual salary and was eligible to receive overtime, and that during his second rotation he and other Assistants in the program were reclassified as "exempt salaried employees who are not entitled to overtime." (*Id.* at ¶¶ 20-21). Plaintiff attests that regardless of whether participants held the position of Assistant Project Manager, Assistant Superintendent, or Assistant Estimator, their duties were non-managerial in nature and always performed under direct supervision. (*Id.* at ¶ 8). Plaintiff states that he was aware of the workload of other CMST participants and he learned that employees were subject to improper compensation policies "through regularly communicating with Shawmut's other Assistants." (*Id.* at ¶¶ 23-24, 28). Lastly, he states that "[d]ozens of Assistants have been harmed by this policy, regardless of their particular title or location." (*Id.*).

With these allegations alone, plaintiff fails to demonstrate how he knows that other Shawmut employees are similarly situated to him. Plaintiff's reliance on his own declaration is not an inherent problem. As noted above, a single affidavit can be sufficient to meet the low standard for conditional class certification. *See Bhumithanarn v. 22 Noodle Mkt. Corp.*, 14-CV-3624, 2015 U.S. Dist. LEXIS 90616, at *9 (S.D.N.Y. July 13, 2015); *Robbins*, 2016 U.S. Dist. LEXIS 35446 at *19. However, the factual allegations contained within plaintiff's affidavit are insufficient even for this modest standard. *See Romero v. H.B. Auto. Group, Inc.*, 11-Civ-386, 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012) ("While plaintiff's burden of proof is low, it is not non-existent — 'certification is not automatic.'").

Courts commonly deny conditional certification for failure to provide factual support for allegations of a common scheme impacting other employees. *See Ding v. Baumgart Rest., Inc.*, 2:18-CV-10358, 2020 US. Dist. LEXIS 15722 (D. N.J. Jan. 30, 2020) (denying conditional certification where plaintiff's affidavit did not explain how he knew other members of the class were underpaid); *Mata v. Foodbridge, LLC*, 14-Civ-8754, 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) (finding an inadequate factual showing where plaintiff's allegations provided no concrete facts of wage violations for employees engaged in different job functions and for lack of detail about specific observations or conversations with coworkers); *Sanchez v. JMP Ventures, L.L.C.*, 13-Civ-7264, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014) (deciding that conditional certification was not supported where plaintiff's declaration made general allegations about common practices at defendant's restaurants but failed to "provide any detail as to a single such observation or conversation"). In *Brown v. Barnes & Noble, Inc.*, 252 F. Supp. 3d 255,

263 (S.D.N.Y. 2017), a District Court declined to grant conditional certification based on declarations of a small number of plaintiffs asserting that they were aware of other managers who performed non-exempt duties (despite exempt classification) because of observations and discussions with other managers. There, plaintiffs "fail[ed] to provide any details about those observations and discussions, how often they occurred, or the sum and substance of what was discussed or observed." *Id.* at 266-67. The Court stated that it could not infer that defendant had a *de facto* policy of requiring a group of 1,100 managers to perform non-exempt work based only on the personal experiences of nine plaintiffs who had joined the suit. *Id.*[4]

Here, as in *Brown*, the evidence plaintiff presents is insufficient for the Court to find a factual nexus between plaintiff's personal experiences in the CMST program and the experience of other program participants, locally or nationwide. Plaintiff's affidavit provides no details as to when and how he conversed with his coworkers about defendant's contested practices, or otherwise learned of these violations. His declaration speaks in the most general terms about observing tasks assigned to other Assistants. Plaintiff's statement to the effect that he knew that others were affected by a similar policy "through regularly communicating" with other Assistants provides no concrete facts about these conversations and does not name a single coworker with whom he communicated. His declaration does not lay out the source of his knowledge about the job duties, hours worked, or compensation of other CMST participants in any of the three Assistant roles.

---

[4] On a renewed motion the following year, the *Brown* Court again denied conditional certification to plaintiffs. *See* 2018 U.S. Dist. LEXIS 106098 (S.D.N.Y. June 25, 2018). Citing that decision, defendants in this case ask the Court to apply a "modest plus" standard to plaintiff, applicable to conditional certification decisions where substantial discovery has already been completed. *See id.* at *17-19. The record shows that only limited discovery has occurred here, and the "modest plus" standard is not applicable at this time. Nonetheless, plaintiff has not met the lower standard.

Reliance on plaintiff's own observations or conversations with other employees may not be fatal to conditional class certification, but those allegations must be specific and demonstrate the basis of his knowledge. *See Guaman v. DL Rest. Dev. LLC*, 14-Civ-2587, 2015 U.S. Dist. LEXIS 146254, at *7 (S.D.N.Y. Oct. 27, 2015). Plaintiff does not provide any documentary evidence to support the allegations in his declaration.

Defendant also argues that plaintiff is not similarly situated to other employees because his alleged job duties and responsibilities are not representative of the CMST program as a whole and that he lacks knowledge of the duties of other CMST participants at multiple office locations.[5] Indeed, plaintiff provides no information about his knowledge of CMST participants at locations other than the office where plaintiff worked. Plaintiff seeks to certify a nationwide class composed of as many as 842 CMST participants working in offices in ten states, (Dkt. No. 22-1, pgs. 12-13), but he makes no allegation that he had any contact at all with employees outside the New York City office where he was personally located. As a result, the Court cannot determine which, if any, CMST participants would be properly included in a potential collective. *See Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *5 ("[T]he Court does not know where or when conversations or observations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.").

---

[5] Defendant has submitted opposing evidence in the form of declarations stating that expectations of independent work increased for second- and third-year rotations and that assignments for program participants varied based on the nature and scope of the project on which they were working. (Dkt. Nos. 25-1; 25-2). The use of these opposing declarations is improper at the conditional certification stage and the Court does not rely on them. *See Heitzenrater v. Officemax, Inc.*, 2014 U.S. Dist. LEXIS 13823, at *13 (W.D.N.Y. Feb. 1, 2014) ("[T]he court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated.").

The cases cited by plaintiff wherein conditional certification was granted based on evidence presented by a single plaintiff are distinguishable in that they sought to certify a much smaller group, or they presented more compelling proof about knowledge of being similarly situated to other employees, or both. *See Miranda v. Gen. Auto Body Works, Inc.*, 17-CV-04166, 2017 U.S. Dist. LEXIS 172563 (E.D.N.Y. Oct. 18, 2017) (conditionally certifying based on declaration which identified two other auto mechanics who claimed they were not paid overtime compensation); *Bhumithanarn*, 2015 U.S. Dist. LEXIS 90616 (granting conditional certification of food service employees at defendants' Manhattan fast food restaurants based on affidavit citing at least 25 other workers who suffered wage violations, sometimes as punishment); *Escano v. N&A Produce & Grocery Corp.*, 14-CV-4239, 2015 U.S. Dist. LEXIS 29785 (S.D.N.Y. Mar. 11, 2015) (conditionally certifying where plaintiff had personal experience at all locations were supermarket stockmen were proposed to be noticed and spoke with other employees about how they did not get paid for extra work, recalling two specific stockmen complaining about not being paid overtime); *Hernandez v. Bare Burger Dio Inc.*, 12-Civ-7794, 2013 U.S. Dist. LEXIS 89254 (S.D.N.Y. June 25, 2013) (conditionally certifying tipped employees at a single restaurant location); *Salazar-Martinez v. Fowler Bros.*, 10-CV-6257, 2011 U.S. Dist. LEXIS 166758 (W.D.N.Y. Apr. 29, 2011) (conditionally certifying class of approximately 100 other H-2A visa workers); *Wraga v. Marble Lite, Inc.*, 05-CV-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2016) (granting certification based on plaintiff's description of conversations between employees and a defendant and naming seven employees allegedly subjected to overtime violations); *but see Gonzalez v. Scalinatella, Inc.*, 13-Civ-3629, 2013 U.S. Dist. LEXIS 168540 (S.D.N.Y. Nov. 22, 2013) (granting conditional

certification of an unspecified sized collective based only on generalized observations of other employees).

Here, plaintiff seeks to certify a large, nationwide class of workers based only a declaration containing little more than generalized, conclusory allegations. These unsupported assertions are inadequate as they stand. Accordingly, the Court finds it unnecessary to reach any additional arguments.

Given the "broad remedial goal of the statute," the broad discretion courts have to authorize notice and discovery in FLSA actions, the Court has considered whether defendant should be ordered to identify the names of potential collective members. *See Hoffmann-La Roche Inc.*, 493 U.S. at 172-73. Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts have ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date. *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010) (collecting cases); *see also Mata,* 2015 U.S. Dist. LEXIS 70550 at *12-13 (ordering disclosure of contact information for certain potential opt-in plaintiffs named by plaintiff in his declaration and denying certification without prejudice to renewal). Here, defendant submits that plaintiff has already been able to contact other CMST participants about joining this lawsuit. Indeed, plaintiff acknowledges that an "attorney advertising campaign" has been conducted by plaintiff's counsel to reach at least a portion of the potential opt-in plaintiffs. While acknowledging that the effect of court-authorized notice is distinct from that of attorney advertising, plaintiff has not met his burden to justify broad court-authorized notification. In addition, the Court does not

find it appropriate, under these circumstances, to compel the production of names or contact information for the collective proposed by plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification of an FLSA collective action and court-authorized notice is denied without prejudice. (Dkt. No. 22). To the extent discovery reveals additional evidentiary support for the assertion that other employees are similarly situated, plaintiff may renew his motion.

Plaintiff's motion to amend his reply (Dkt. No. 27) is granted.

**SO ORDERED.**

Dated:   February 3, 2021
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge